UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALEXIS FRANK,

    Plaintiff,

v.                                                       CASE NO. 3:24-cv-1005-TJC-SJH

MIKAH VAZQUEZ, et al.,

    Defendants.

_____/

## ORDER

Defendants' Motion to Quash Plaintiff's Notice of Taking Video Depositions *Duces Tecum*, Doc. 26, is **denied as moot** given the filing of Defendants' Time-Sensitive Amended Motion to Quash Plaintiff's Amended Notice of Taking Video Depositions *Duces Tecum* and Motion for Protective Order ("Motion"), Doc. 28. As set forth herein, the Motion is due to be granted in part and denied without prejudice in part.[1]

To the extent the Motion seeks to quash the Amended Notice of Taking Video Depositions Duces Tecum ("Notice"), Doc. 28-5, the Motion is **granted**. The Notice, dated June 17, 2025, purports to set four depositions *duces tecum* for June 27, 2025. The Court need not consider the other arguments raised by Defendants, as that insufficient notice is reason alone to quash the Notice. *See* Local Rule 3.04 ("A deposition by oral examination or written questions and a subpoena duces tecum require fourteen days'

---

[1] Defendants represent the Motion is opposed, but upon consideration, the Court does not deem a response to the Motion necessary. *See Hot Wheels Lux, LLC v. Morris*, No. 6:23-cv-394-PGB-DCI, 2024 WL 2273373, at *1 & n.1 (M.D. Fla. Apr. 10, 2024); *see also* Fed. R. Civ. P. 1.

written notice to the deponent or responding person."); *see also Greacen v. Town of Redington Beach*, No. 8:20-cv-2568-JSM-AAS, 2021 WL 2551625, at *2 (M.D. Fla. June 22, 2021) (quashing subpoena for deposition that provided the deponent less than 14 days' notice in violation of Local Rule 3.04); *cf. Davis v. Mina*, No. 6:23-cv-72-RBD-EJK, 2023 WL 8828859, at *2 (M.D. Fla. Dec. 21, 2023). To the extent the Motion seeks a protective order from any discovery until the Court enters an Order on a forthcoming hypothetical motion to stay or dispositive motion, the Motion is **denied without prejudice.** The Motion does not allow the Court to properly evaluate such hypotheticals at this time.[2]

**DONE AND ORDERED** in Jacksonville, Florida, on June 18, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to: Counsel of Record

---

[2] The Court reminds the parties that "[d]iscovery in this district should be practiced with a spirit of cooperation and civility." Middle District Discovery (2021) at Section I(A). Routine scheduling matters should ordinarily be handled (and regularly are) by professionals acting as such, not time-sensitive pleas to the Court. Relatedly, it is not clear whether the parties *properly and effectively* conferred concerning the Motion, as the Motion does not state the manner in which the parties conferred (as Local Rule 3.01(g) requires for an opposed motion). "The importance of Local Rule 3.01(g) 'cannot be overstated.'" *Craig v. Target Corp.*, No. 2:23-cv-599-JLB-KCD, 2023 WL 11257275, at *1 (M.D. Fla. Dec. 4, 2023) (citation omitted). Local Rule 3.01(g) "'is designed to foster communication between the parties and help resolve certain disputes without court intervention[,]'" and it helps "ensure the finite resource of judicial time is expended on genuine disputes[.]" *Id.* (citation omitted); *see also Hernandez v. Rodriguez*, No. 5:24-cv-137-JSM-PRL, 2025 WL 756547, at *2 (M.D. Fla. Feb. 3, 2025); *McLaughlin v. Select Rehab. LLC*, No. 3:22-cv-59-HES-MCR, 2023 WL 3009868, at *3 (M.D. Fla. Mar. 15, 2023). "The Court expects counsel to comply with both the letter and spirit of Local Rule 3.01(g)." *Hernandez*, 2025 WL 756547, at *2.